UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, AND TRAMELLE HOWARD,<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE,<br><br>*Defendant*. | Civil Action No. 3:22-cv-00214<br><br>Judge Brian A. Jackson<br><br>Magistrate Judge Richard L. Bourgeois, Jr. |

**ANSWER OF INTERVENORS TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

For their Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF No. 1, the "Complaint"), Clay Schexnayder, Speaker of the Louisiana House of Representatives, and Patrick Page Cortez, President of the Louisiana Senate, in their respective official capacities (collectively, the "Intervenors") respond as follows. All allegations not expressly admitted herein are denied.

1. Intervenors admit that Plaintiffs bring this action to challenge Louisiana's new congressional districting plan, House Bill 1, but deny that the plan violates Section 2 of the Voting Rights Act.

2. Intervenors state that the demographics of the State of Louisiana speak for themselves. Intervenors deny the remaining allegations in paragraph 2 of the Complaint.

3. Intervenors deny the allegations in paragraph 3 of the Complaint.

4. Intervenors admit that House Bill 1 was enacted into law after the Louisiana Legislature voted to override the veto of Governor John Bel Edwards. The allegations in the second sentence of paragraph 4 of the Complaint purport to characterize and quote from statements by Governor Edwards, which speak for themselves. Intervenors deny the remaining allegations in paragraph 4 of the Complaint.

5. Intervenors deny the allegations in paragraph 5 of the Complaint.

6. Intervenors deny the allegations in paragraph 6 of the Complaint.

7. Intervenors deny that Plaintiffs are entitled to any requested relief, and deny any remaining allegations in paragraph 7 of the Complaint.

## I. JURISIDICTION AND VENUE

7. Intervenors admit that the Middle District of Louisiana has jurisdiction over this matter, but deny that Plaintiffs are entitled to any relief, and deny any remaining allegations in paragraph 8 of the Complaint.

8. Venue is proper under 28 U.S.C. § 1391(b) because "a substantial part of the events or omissions giving rise to the claim occurred" in this district.

9. Intervenors admit the allegations in paragraph 9 of the Complaint.

10. Intervenors admit that the Middle District of Louisiana has jurisdiction over this matter, but deny that Plaintiffs are entitled to any relief, and deny any remaining allegations in paragraph 10 of the Complaint.

## II. PARTIES

11. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 11 of the

Complaint, and, therefore, deny the same. Intervenors deny the remaining allegations in paragraph 11 of the Complaint.

12. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 12 of the Complaint, and, therefore, deny the same. Intervenors deny the remaining allegations in paragraph 12 of the Complaint.

13. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 13 of the Complaint, and, therefore, deny the same. Intervenors deny the remaining allegations in paragraph 13 of the Complaint.

14. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 14 of the Complaint, and, therefore, deny the same. Intervenors deny the remaining allegations in paragraph 14 of the Complaint.

15. Intervenors admit the allegations in the first sentence of paragraph 15 of the Complaint. The remaining allegations in paragraph 15 of the Complaint purport to quote from and characterize sections of the Louisiana election code and the decision in *Hall v. Louisiana*, 974 F. Supp. 2d 978 (M.D. La. 2013), which speak for themselves.

## III. LEGAL BACKGROUND

16. Paragraph 16 of the Complaint contains only legal conclusions to which no response is required.

17. Paragraph 17 of the Complaint contains only legal conclusions to which no response is required.

18. Paragraph 18 of the Complaint contains only legal conclusions to which no response is required. To the extent paragraph 18 of the Complaint is interpreted to contain any factual allegations, any such allegations are denied.

19. Paragraph 19 of the Complaint contains only legal conclusions to which no response is required.

20. Paragraph 20 of the Complaint contains only legal conclusions to which no response is required.

21. Paragraph 21 of the Complaint contains only legal conclusions to which no response is required.

22. Paragraph 22 of the Complaint contains only legal conclusions to which no response is required.

## IV. FACTUAL ALLEGATIONS

### A. Louisiana's 2011 Congressional Redistricting

23. Intervenors admit the allegations in the first and last sentences of paragraph 23 of the Complaint. Intervenors admit that the Louisiana Senate voted 25 to 13 to approve the 2011 congressional plan, but deny the remaining allegations in paragraph 23 of the Complaint.

24. Intervenors admit that bills proposing congressional redistricting plans were introduced during the 2011 First Extraordinary Session, and that those bills speak for themselves.

25. The allegations in paragraph 25 of the Complaint purporting to describe various proposed congressional maps and districts introduced in 2011 without identifying those bills by number are vague and undefined, Intervenors are without knowledge of their precise meaning, and they therefore deny the same.

26. The allegations in paragraph 26 of the Complaint purporting to describe various amendments to congressional maps and districts introduced in 2011 without identifying those amendments by number are vague and undefined, Intervenors are without knowledge of their precise meaning, and they therefore deny the same.

27. Intervenors deny the allegations in the second sentence of paragraph 27 of the Complaint. The remaining allegations in paragraph 27 of the Complaint purport to describe vaguely defined "parts" and neighborhoods of New Orleans and Baton Rouge, Intervenors are without knowledge of their precise meaning, and they therefore deny the same.

**B.     The 2020 Census**

28. Intervenors admit that the allegations in paragraph 28 of the Complaint purport to summarize the results of the 2020 Census, which speak for themselves.

29. Intervenors admit that the allegations in paragraph 29 of the Complaint purport to summarize the results of the 2020 Census, which speak for themselves.

**C.     Louisiana's 2022 Congressional Redistricting**

30. Intervenors admit that the House and Senate Governmental Affairs Committees held a joint public meeting in Baton Rouge on November 16, 2021. The remaining allegations in paragraph 30 of the Complaint purport to quote from and characterize statements by former Representative Ted James and members of the public, which speak for themselves.

31. Intervenors admit that Louisianians were given many opportunities to provide public comment on the redistricting process and deny any remaining allegations in paragraph 31 of the Complaint.

32. Intervenors deny the allegations in paragraph 32 of the Complaint.

33. Intervenors admit that the House passed House Bill 1, which speaks for itself, and sent it to the Senate for further consideration and passage, but deny that the House vote occurred on February 11, 2022. The remaining allegations in paragraph 33 of the Complaint purport to describe House Bill 1, Senate Bill 5, and the 2011 congressional map, and the similarities and differences between those maps, which speak for themselves.

34. Intervenors admit that during the 2022 First Extraordinary Session, bills proposing congressional redistricting plans were introduced. The remaining allegations in paragraph 34 of the Complaint purport to quote from and characterize those bills and statements by Senator Fields, which speak for themselves. Intervenors deny any remaining allegations in paragraph 34 of the Complaint.

35. Intervenors admit that amendments to House Bill 1 and Senate Bill 5 were not adopted by the House and Senate Governmental Affairs Committees, but deny the remaining allegations in paragraph 35 of the Complaint.

36. Intervenors deny the allegations in the second sentence of paragraph 36 of the Complaint. The remaining allegations of paragraph 36 of the Complaint purporting to characterize "critici[sms]" by "[o]pponents" of Senate Bill 5 and House Bill 1 Intervenors are vague, Intervenors are without knowledge of their precise meaning, and they therefore deny the same.

37. Intervenors admit that House Bill l, as amended, and Senate Bill 5, as amended, were passed by both chambers of the Legislature on February 18, 2022, but deny the remaining allegations in paragraph 37 of the Complaint.

38. Intervenors admit that Governor Edwards vetoed House Bill 1 and Senate Bill 5 on March 9, 2022. The remaining allegations in paragraph 38 of the Complaint purport to characterize

and quote from statements by Governor Edwards, which speak for themselves. Intervenors deny any remaining allegations in paragraph 38 of the Complaint.

39. Intervenors admit that House Bill 1 was enacted into law after the Legislature voted on March 30, 2022, to override the veto by Governor Edwards, but deny the remaining allegations in paragraph 39 of the Complaint.

**D.    Louisiana's New Congressional Plan**

40. Intervenors deny the allegations in paragraph 40 of the Complaint.

41. Intervenors admit that East Carroll Parish, Madison Parish, and Tensas Parish are located within the Fifth Congressional District. The remaining allegations in paragraph 41 of the Complaint purport to describe the demographics of those parishes and of the Fifth Congressional District, which speak for themselves.

42. Intervenors deny the allegations in paragraph 42 of the Complaint.

43. Intervenors deny the allegations in paragraph 43 of the Complaint.

**E.    Racial Polarization in Louisiana**

44. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and, therefore, deny the same. To the extent the allegations in paragraphs 44 purport to characterize legal opinions, those opinions speak for themselves.

45. The allegations in paragraph 45 of the Complaint contain only legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny the allegations in paragraph 45 of the Complaint.

46. The allegations in paragraph 46 of the Complaint contain only legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny the allegations in paragraph 46 of the Complaint.

47. The allegations in paragraph 47 of the Complaint contain only legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny the allegations in paragraph 47 of the Complaint.

48. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and, therefore, deny the same.

49. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and, therefore, deny the same.

**F.  Voting-Related Racial Discrimination in Louisiana**

50. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and, therefore, deny the same.

51. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and, therefore, deny the same.

52. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and, therefore, deny the same.

53. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and, therefore, deny the same.

54. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and, therefore, deny the same.

55. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and, therefore, deny the same.

56. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, and, therefore, deny the same.

57. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and, therefore, deny the same.

58. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint, and, therefore, deny the same.

59. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, and, therefore, deny the same.

60. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint, and, therefore, deny the same.

61. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint, and, therefore, deny the same.

62. Intervenors admit that Congress passed the Voting Rights Act in 1965 and that Louisiana was a covered jurisdiction under Section 4(b), but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 62 of the Complaint, and, therefore, deny the same. Intervenors admit the remaining allegations in paragraph 62 of the Complaint.

63. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 63 of the Complaint, and, therefore, deny the same. Intervenors admit that the U.S. Department of Justice has previously objected to voting-related changes in Louisiana jurisdictions, and that those objections speak for themselves. Intervenors deny the remaining allegations in paragraph 63 of the Complaint and affirmatively state that preclearance can be denied under Section 5 or liability found under Section 2 without a

finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

64. Intervenors admit that the U.S. Department of Justice has previously objected to voting-related changes in Louisiana jurisdictions, and that those objections speak for themselves. Intervenors deny the remaining allegations in paragraph 64 of the Complaint and affirmatively state that preclearance can be denied under Section 5 or liability found under Section 2 without a finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

65. Intervenors deny the allegations in paragraph 65 of the Complaint.

66. Intervenors admit that prior redistricting plans have been challenged under the VRA, but deny the allegations in the first sentence of paragraph 66 of the Complaint. The remaining allegations in paragraph 66 of the Complaint purport to characterize the proceedings in *Major v. Treen*, 574 F. Supp. 325 (E.D. La. 1983), which speak for themselves. Intervenors deny any remaining allegations in paragraph 66 of the Complaint.

67. Intervenors admit that the U.S. Department of Justice objected to the redistricting plan proposed by the Legislature in 1981, and that the plan did not become effective after that objection, which speaks for itself. Intervenors deny the remaining allegations in paragraph 67 of the Complaint.

68. Intervenors admit that the U.S. Department of Justice objected to the redistricting plan proposed by the Legislature in 1991, and that the objection speaks for itself. Intervenors deny the remaining allegations in paragraph 68 of the Complaint.

69. Intervenors deny the allegations in the first sentence of paragraph 69 of the Complaint. Intervenors admit that the Legislature sought preclearance of its redistricting plan in

2001 in a federal action in the D.C. District Court, and that the Legislature enacted a revised redistricting plan that redrew the disputed districts. The remaining allegations in paragraph 69 of the Complaint purport to characterize those proceedings, which speak for themselves.

70. Intervenors deny the allegations in paragraph 70 of the Complaint.

71. Intervenors admit that the U.S. Department of Justice has objected to voting-related changes in Louisiana, and that those objections speak for themselves. The remaining allegations in paragraph 71 of the Complaint purport to characterize the proceedings in *Clark v. Roemer*, which speak for themselves. Intervenors affirmatively state that liability can be found under Section 2 without a finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

72. The allegations in paragraph 72 of the Complaint purport to characterize legislation passed by the Legislature in 1998 and in 2009, and objections by the U.S. Department of Justice to that legislation, which speak for themselves. Intervenors deny any remaining allegations in paragraph 72 of the Complaint.

73. The allegations in the first sentence of paragraph 73 of the Complaint purport to characterize a plan adopted by the Legislature in 2001, which speaks for itself. The remaining allegations in paragraph 73 of the Complaint purport to characterize the proceedings in St*. Bernard Citizens for Better Gov't v. St. Bernard Par. Sch. Bd.*, No. CIV.A. 02-2209, 2002 WL 2022589 (E.D. La. Aug. 26, 2002), which speak for themselves.

74. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint, and, therefore, deny the same. Intervenors affirmatively state that preclearance can be denied without a finding of discriminatory intent.

75. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, and, therefore, deny the same.

76. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint, and, therefore, deny the same.

77. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint, and, therefore, deny the same.

### G. Ongoing Effects of Louisiana's History of Discrimination

78. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint, and, therefore, deny the same.

79. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint, and, therefore, deny the same.

80. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint, and, therefore, deny the same.

81. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint, and, therefore, deny the same.

82. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and, therefore, deny the same.

### H. Racial Appeals in Louisiana Politics

83. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint, and, therefore, deny the same.

84. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint, and, therefore, deny the same.

85. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint, and, therefore, deny the same.

86. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint, and, therefore, deny the same.

87. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint, and, therefore, deny the same.

88. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint, and, therefore, deny the same.

### I. Black Officeholders in Louisiana

89. Intervenors admit the allegations in the second sentence of paragraph 89 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89 of the Complaint, and, therefore, deny the same.

90. Intervenors deny the allegations in the last sentence of paragraph 90 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 of the Complaint, and, therefore, deny the same.

91. The allegations in paragraph 91 of the Complaint purport to quote from the decision in *Terrebonne Par. Branch NAACP v. Jindal*, 274 F. Supp. 3d 395 (M.D. La. 2017), which speaks for itself.

92. Intervenors admit the allegations in paragraph 92 of the Complaint.

**CLAIM FOR RELIEF**

**<u>COUNT I</u>**
**Violation of Section 2 of the Voting Rights Act**
**52 U.S.C. § 10301**

93. Intervenors incorporate their responses to paragraphs 1-93 of the Complaint as if fully re-stated herein.

94. Paragraph 94 of the Complaint contains only legal conclusions to which no response is required.

95. Intervenors deny the allegations in paragraph 95 of the Complaint.

96. Intervenors deny the allegations in paragraph 96 of the Complaint.

97. Intervenors deny the allegations in paragraph 97 of the Complaint.

98. Intervenors deny the allegations in paragraph 98 of the Complaint.

99. Intervenors deny the allegations in paragraph 99 of the Complaint.

100. Intervenors deny the allegations in paragraph 100 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief contains a summary of the relief Plaintiffs seek, to which no response is required. To the extent a response is required, Intervenors deny that Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Intervenors assert the following defenses to the Complaint, without assuming the burden of proof or persuasion where such burden rests on Plaintiffs:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Intervenors reserve the right to assert such other additional defenses as may be appropriate at a later time.

WHEREFORE, having fully answered the Complaint, Intervenors request that Plaintiffs' Complaint be dismissed with prejudice, with costs taxed to Plaintiffs.

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

* *Pro hac vice motions to be filed*

Respectfully submitted,

 /s/ *Michael W. Mengis*
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
Fax: (713) 751-1717
Email: mmengis@bakerlaw.com

*Counsel for Proposed Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

## CERTIFICATE OF SERVICE

      I certify that on April 6, 2022, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

                                             */s/ Michael W. Mengis*
                                             Michael W. Mengis, LA Bar No. 17994

                                             *Counsel for Proposed Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*