# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, and TRAMELLE HOWARD<br><br>Plaintiffs,<br><br>v.<br><br>KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE<br><br>Defendant | Case No.: 3:22-CV-00214-BAJ-RLB |

## THE STATE OF LOUISIANA'S MOTION TO INTERVENE

The State of Louisiana, by and through Attorney General Jeff Landry, moves to intervene pursuant to Federal Rule of Civil Procedure 24. The Court should grant the State's motion to intervene because it satisfies the requirements of intervention as of right and of permissive intervention under Federal Rule of Civil Procedure 24.

## BACKGROUND

This case arises out of the decennial reapportionment and redistricting of the United States congressional districts in Louisiana. On February 18, 2022, the Legislature passed HB 1 and SB 5, redistricting congressional districts, during the First Extraordinary Session. On March 9, 2022, the Governor vetoed the bills. On March 30, 2022, the Louisiana Legislature convened in a veto session and voted to override the Governor's veto to HB 1 of the 2022 First Extraordinary Session.

Plaintiffs challenge the congressional redistricting plan enacted by the Louisiana Legislature. Plaintiffs ask this Court to step in and remedy an alleged

violation of the Voting Rights Act of 1965. *See* Complaint, ECF No. 1 at 26. Plaintiffs allege that the plan dilutes "the political power of the state's Black voters." *Id.* at 11, ¶ 40. Plaintiffs allege dilution of Black voting strength by "packing and cracking Black voters." *Id.* at 11, ¶ 42. Plaintiffs ask the Court to declare the plan unlawful, enjoin its use in future elections, take actions to adopt a second majority-minority district, and grant such other relief the Court deems appropriate. *Id.* at 26 (Prayer for Relief).

## ARGUMENT

Federal Rule of Civil Procedure 24(a) requires a federal court to permit intervention of a non-party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(b) permits a federal court to allow intervention of non-parties that tender "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Rule 24 is to be liberally construed" in favor of intervention. *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014); *accord Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). "The inquiry is a flexible one, and a practical analysis of the facts and circumstances of each case is appropriate." *Brumfield*, 749 F.3d at 341 (internal quotation marks omitted). "Intervention should generally be allowed where no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

**I.     LOUISIANA SATISFIES THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT.**

Under Rule 24, "[a] party seeking to intervene as of right must satisfy four requirements: (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Brumfield*, 749 F.3d at 341 (citation omitted). The State satisfies each of these elements.

**A.     The State's Application Is Timely.**

This intervention motion is timely. The Complaint was filed on March 30, 2022, the deadline for responsive pleadings has not yet passed, and no meaningful case events have occurred. As a result, "timeliness is not at issue." *Brumfield*, 749 F.3d at 342; *see also Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (finding that delays of "only 37 and 47 days . . . are not unreasonable"); *Ross,* 426 F.3d at 755 (permitting post-judgment intervention); *United States v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012) ("Where a case has not progressed beyond the initial pleading stage, a motion to intervene is timely."); *Mullins v. De Soto Securities Co.*, 3 F.R.D. 432, 433 (W.D. La. 1944) (finding motion to intervene timely during the initial pleading stage).

### B. The State Has the Requisite Interest in the Subject of this Case.

The State "has a 'direct, substantial, legally protectable interest in the proceedings.'" *Edwards*, 78 F.3d at 1004 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). "A 'legally protectable' right" for intervention purposes "is not identical to a 'legally enforceable' right, such that 'an interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor . . . would not have standing to pursue her own claim.'" *DeOtte v. Nevada*, 20 F.4th 1055, 1068 (5th Cir. 2021) (citations omitted); *accord Wal-Mart Stores*, 834 F.3d at 566. Rather, "[a] movant found to be a 'real party in interest' generally establishes sufficient interest." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 187 (5th Cir. 1989) ("LULAC, Council No. 4434"). "[A] 'real party in interest' may be ascertained by determining whether that party caused the injury and, if so, whether it has the power to comply with a remedial order of the court." *Id.* at 187.

Jeff Landry is the duly elected Attorney General for the State of Louisiana. As the State's "chief legal officer," he is charged with "the assertion and protection of the rights and interests" of the State and its taxpayers and citizens, and he has a sworn duty to uphold the State's Constitution and laws. La. Const. art. IV., § 8. The Louisiana Constitution gives him authority "to institute, prosecute, or *intervene* in any civil action or proceeding." *Id.* (emphasis added). The State's intervention is necessary here as a matter of right, through its constitutionally designated officer, Attorney General Jeff Landry, to defend the State's congressional plan.

4

The Attorney General also has a right under state and federal law to defend the legality and constitutionality of state laws. When a state statute has been challenged, article 1880 of the Louisiana Code of Civil Procedure requires certification of the issue to the state attorney general. The Federal Rule of Civil Procedure require the same. *See* Fed. R. Civ. P. 5.1(B)(2) (requiring parties to "serve the notice and paper on . . .the state attorney general if a state statute is questioned"). Here, Plaintiffs' complaint calls into question the legality of state law.

Additionally, the Louisiana Attorney General maintains a longstanding history of defending the State in Voting Rights litigation in Louisiana.[1] *See, e.g.*, *Chisom v. Edwards*, No. 2:86-cv-4075 (E.D. La. 1986); *Clark v. Edwards*, No. 86-cv-435 (M.D. La. 1986); *Prejean v. Foster*, No. 99-30360 (M.D. La. 1999); *Hall v. Louisiana*, No. 3:12-cv-0657 (M.D. La. 2012); *Terrebonne Par. Branch NAACP v. Jindal*, No. 3:14-cv-0069 (M.D. La. 2014); *La. State Conf. of the NAACP v. Louisiana*, No. 3:19-cv-00479 (M.D. La. 2019).

In short, the State of Louisiana, through Attorney General Jeff Landry, has the requisite interest in the subject of this case, and he has a right to intervene as a matter of law to protect the interests of the State.

### C. The Disposition of this Case May Substantially Impair or Impede the State's Interests.

---

[1] Attorneys general routinely defend their states against challenges to electoral methods for judicial and non-judicial offices. *See Houston Lawyers Ass'n v. Att'y Gen. of Tex.*, 501 U.S. 149 (1991) (Texas attorney general); *Thornburg v. Gingles*, 478 U.S. 30 (1986) (North Carolina attorney general); *S. Christian Leadership Conf. of Ala. v. Sessions*, 56 F.3d 1281 (11th Cir. 1995) (en banc) (Alabama attorney general); *LULAC v. Clements*, 999 F.2d 831 (5th Cir. 1993) (en banc) (Texas attorney general).

Without intervention, the disposition of this case will impair the State of Louisiana's ability to protect its interests, and it will impair and impede the Attorney General from carrying out his constitutional duties to defend and uphold the laws of the State of Louisiana.

Plaintiffs mount serious allegations against the State that the State cannot defend against without intervening. Plaintiffs allege that Louisiana has a long, tragic history of voting-related discrimination. *See* Complaint, ECF No. 1 at 13, ¶ 50. Plaintiffs allege that the State has undertaken efforts to minimize minority representation through congressional and legislative redistricting. *See id.* at 19, ¶ 70. Plaintiffs allege that "Louisiana's practice of voter discrimination is not merely historic" and that the State continues to implement voting practices that have "hindered the ability of Black citizens to participate equally in the political process." *Id.* at 20, ¶ 75. Plaintiffs allege that Louisiana continues to disenfranchise felons. *See id.* Plaintiffs allege ongoing effects of Louisiana's history of discrimination. *See id. at* 21–22. All of these are very serious allegations directed against the State itself. The State has both a right and obligation to defend against them.

In addition to his duties outlined above, the State of Louisiana provides the Attorney General of Louisiana with an active role in elections, which warrants intervention as a matter of right. The Attorney General is required by State law to approve election forms prepared by the Louisiana Secretary of State, *see* La. R.S. 18:18(A)(3); he is statutory counsel for each parish's Registrar of Voters, *see La.* R.S. 18:64; and he is statutory counsel for each Parish Board of Election Supervisors, *see*

*La*. R.S. 18:423(G). Additionally, he serves as a member on the State's Board of Election Supervisors. *See* La. R.S. 18:23(A)(3).

The Attorney General also carries out other election responsibilities for the State of Louisiana as established in the Louisiana Election Code, including approving summaries of constitutional amendments, *see La*. R.S. 18:431(C); standing to initiate actions against convicted felons from running for office, *see La*. R.S. 18:495; authority to enforce laws regarding the establishment of precincts and precinct boundaries, *see La*. R.S. 18:537; authority to initiate actions to declare an office vacant, *see La*. R.S. 18:671(C); making appointments to the Voting System Commission, *see La*. R.S. 18:1362.1; collections for election expenses, *see La*. R.S. 18:1400.6; receiving allegations of election fraud, *see La*. R.S. 18:1412; preparing the election offense packet for candidates, *see La*. R.S. 18:1472; and authority to initiate criminal actions for campaign finance violations, *see* La. R.S. 18:1511.6.

Disposing of this case without intervention will impair the State's interests in providing a defense to Plaintiffs' challenge to the method of electing members to Congress. Further, the Court's determination could have long lasting impacts on the State.

**D.    The State's Interests are Inadequately Represented by the Existing Parties.**

The State's interests are inadequately represented by the existing parties to the suit. The Attorney General has an interest in defending the injury to the State itself that would result from an injunction against or changes to the challenged

congressional plans, and/or a determination that the current plan passed by the State Legislature is unlawful.

In *Miller v. Vilsack,* the Fifth Circuit recently discussed two presumptions that must be considered when determining if representation by the current parties is inadequate. No. 21-11271, 2022 WL 851782 (5th Cir. Mar. 22, 2022). The burden by the proposed intervenor is minimal. *Id.* (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)). The burden, however, "cannot be treated as so minimal as to write the requirement completely out of the rule." *Id.* The first presumption applies "when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Id.* The second presumption applies in cases where a party "is presumed to represent the interests of all of its citizens," *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994) (per curiam), such as "when the putative representative is a governmental body or officer charged by law with representing the interests of the [intervenor]," *Texas*, 805 F.3d at 661 (quotation omitted). This presumption is limited, however, to "suits involving matters of sovereign interest." *Edwards*, 78 F.3d at 1005.

There is no reason to believe that the State's sovereign interests will be represented by existing parties. This is not a case where "the would-be intervenor has the same ultimate objective as a party to the lawsuit." *See Entergy Gulf States*, 817 F.3d (citation omitted). The Defendant Secretary of State's objective is in the orderly implementation of whatever election rules are in force. The Attorney General is a separately elected official tasked specifically with defending the laws and sovereign interests of the State of Louisiana. The Attorney General intends to defend the

challenged plans, the policies undergirding them, and the sovereign interests of the State.

The State has unique sovereign interests not shared by the other parties. Any proposed judgment involving injunctive relief or federal oversight would have future consequences for the State and necessarily involve the State's sovereign interests. As pointed out recently by the United States Supreme Court, it is one thing for a State to change its election laws close to its own elections. But it is different for a federal court to swoop in and redo a State's election laws in the period close to an election. *See Merrill v. Milligan,* 595 U.S. \_\_\_\_ (2022).

"Reapportionment is primarily the duty and responsibility of the State." *Chapman v. Meier,* 420 U.S. 1, 27 (1975); *see also Voinovich v. Quilter,* 507 U.S. 146, 156–57 (1993); *Growe v. Emison,* 507 U.S. 25, 34 (1993). Electoral districting is a most difficult subject for legislatures, and so the States must have discretion to exercise the political judgment necessary to balance competing interests.

Plaintiffs have alleged that the congressional redistricting plan for Louisiana is invalid and unlawful. Plaintiffs request an injunction enjoining the Secretary of State from enforcing or giving effect to boundaries of the congressional districts and from conducting congressional elections in accordance with that plan until the next decennial reapportionment occurs. It is necessary that Louisiana's Chief Legal Officer be allowed to intervene to make sure that the State's interests are adequately protected.

## II. IN THE ALTERNATIVE, THE STATE SHOULD BE GRANTED PERMISSIVE INTERVENTION.

The Attorney General fulfills the requirements for permissive intervention. Federal Rule of Civil Procedure 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permissive intervention under Rule 24(b) "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). Intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *See Frazier v. Wireline Solutions, LLC*, 2010 WL 2352058, at *4 (S.D. Tex. June 10, 2010) (citation omitted); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. 126, 131 (S.D. Tex. 2005).

As discussed above, the intervention is timely; the Attorney General's claims or defense and the main action have a question of law or fact in common; and the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Moreover, the Attorney General's intervention will facilitate an equitable result. The Attorney General can provide a crucial perspective on the

important issues implicated by the Complaint. This case has significant implications; therefore, it is essential that all arguments in attack of the continued viability of the congressional plan receive full attention. For the reasons stated above, this Court should grant this motion permissively, if it does not grant it as of right.

## CONCLUSION

The Court should grant the State of Louisiana's Motion to Intervene, and Louisiana Attorney General Jeff Landry should be allowed to fulfill his constitutional duty to represent the State's interests.

Dated: April 12, 2022

Respectfully Submitted,

Jeff Landry
Louisiana Attorney General

*/s/ Angelique Duhon Freel*
Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Shae McPhee's (LSBA No. 38565)
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Jeffery M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
freela@ag.louisiana.gov
walej@ag.louisiana.gov

jonescar@ag.louisiana.gov
mcphees@ag.louisiana.gov

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that, on this 12th day of April 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Angelique Duhon Freel*
*Angelique Duhon Freel*