IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, and TRAMELLE HOWARD,<br><br>                  Plaintiffs,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Louisiana Secretary of State,<br><br>                  Defendant. | CIVIL ACTION NO. 3:22-CV-00214-BAJ-RLB<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendant R. Kyle Ardoin in his official capacity as Louisiana Secretary of State ("Defendant") answers plaintiffs' complaint as follows.

## INTRODUCTION

1.  Defendant admits that Plaintiff brings an action challenging HB 1, but denies that plaintiffs are entitled to any relief. In all other respects, the allegations of paragraph 1 are denied.

2.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2.

3.  Defendant denies the allegations of paragraph 3.

4.  Defendant admits that Governor Edwards vetoed HB 1 and that the Legislature overrode that veto. In all other respects, the allegations of paragraph 4 are denied.

5.  Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 5.

6.  Defendant admits that the history of the state of Louisiana speaks for itself. In all other respects, the allegations of paragraph 6 are denied.

7. Defendant admits that plaintiffs seek the relief enumerated in paragraph 7, but deny that plaintiffs are entitled to any relief. In all other respects, the allegations of paragraph 7 are denied.

### "JURISDICTION AND VENUE"

8. Defendant admits the allegations of paragraph 8.

9. Defendant admits the allegations of paragraph 9.

10. Defendant admits that the Court has the authority to grant declaratory and injunctive relief, but denies that plaintiffs' claims warrant such relief. In all other respects, the allegations of paragraph 10 are denied.

### "PARTIES"

11. Defendant denies that the congressional district plan dilutes the voting power of black voters. In all other respects, Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 11.

12. Defendant denies that the congressional district plan dilutes the voting power of black voters. In all other respects, Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 12.

13. Defendant admits that if Plaintiff Henderson can elect his candidate of choice in his congressional district, as currently alleged, that he lacks standing because he is not harmed. In all other respects, Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 13.

14. Defendant admits that if Plaintiff Howard can elect his candidate of choice in his congressional district, as currently alleged, that he lacks standing because he is not harmed. In all

other respects, Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 14.

15. Defendant admits that he is the secretary of State of Louisiana and that the cited statute and case speak for themselves. In all other respects, the allegations of paragraph 15 are denied.

## "LEGAL BACKGROUND"

16. Defendant admits that Section 2 speaks for itself. In all other respects, the allegations of paragraph 16 are denied.

17. Defendant admits that Section 2 speaks for itself. In all other respects, the allegations of paragraph 17 are denied.

18. Defendant admits that the cited case speaks for itself. In all other respects, the allegations of paragraph 18 are denied.

19. Defendant admits that the cited case speaks for itself. In all other respects, the allegations of paragraph 19 are denied.

20. Defendant admits that Section 2 speaks for itself. In all other respects, the allegations of paragraph 20 are denied.

21. Defendant admits that the U.S. Senate report accompanying the 1982 amendments to the Voting Rights act and the cited cases speak for themselves. In all other respects, the allegations of paragraph 21 are denied.

22. Defendant admits that the cited cases speak for themselves. In all other respects, the allegations of paragraph 22 are denied.

## "FACTUAL ALLEGATIONS"

## "I. Louisiana's 2011 Congressional Redistricting"

23. Defendant admits that Louisiana Revised Statute 18:1276.1 and the legislative history regarding the passage of the same speaks for itself. In all other respects, the allegations of paragraph 23 are denied.

24. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 24.

25. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 25.

26. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 26.

27. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 27.

**"II.    The 2020 Census"**

28. Defendant admits that the 2020 and 2010 census results speak for themselves. In all other respects, the allegations of paragraph 28 are denied.

29. Defendant admits that the 2020 and 2010 census results speak for themselves. In all other respects, the allegations of paragraph 29 are denied.

**"III.    Louisiana's 2022 Congressional Redistricting"**

30. Defendant admits that the comments in the referenced public meeting speak for themselves. In all other respects, the allegations of paragraph 30 are denied.

31. Defendant admits that Louisianians were given opportunities to provide public comment on the redistricting process. Defendant further admits that the uncited article from *The Advocate,* speaks for itself. In all other respects, the allegations of paragraph 31 are denied.

32. Defendant admits the allegations of paragraph 32.

33. Defendant admits that the House passed HB 1 on February 11, 2022. In all other respects, Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 33.

34. Defendant admits that the cited testimony and proposals speak for themselves. In all other respects, Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 34.

35. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 35.

36. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 36.

37. Defendant admits that HB 1 was passed by the House on February 18 and the SB 5 was passed by the Senate on February 18. In all other respects, Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 37.

38. Defendant admits that Governor Edwards comments and his veto message speak for themselves. In all other respects, the allegations of paragraph 38 are denied.

39. Defendant admits that the Legislature overrode the veto of HB 1 on March 30, 2022. In all other respects, the allegations of paragraph 39 are denied.

**"IV. Louisiana's New Congressional Plan"**

40. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 40.

41. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 41.

42. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 42.

43. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 43.

**"V.    Racial Polarization in Louisiana"**

44. Defendant admits that the cited cases speak for themselves. In all other respects, Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 44.

45. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 45.

46. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 46.

47. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 47.

48. Defendant admits that the uncited New York Times article speaks for itself. In all other respects, Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 48.

49. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 49.

**"VI.   Voting-Related Racial Discrimination in Louisiana"**

50. Defendant admits that the history of Louisiana and the cited case speak for themselves. In all other respects, the allegations of paragraph 50 are denied.

51. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 51 are denied.

52. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 52 are denied.

53. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 53 are denied.

54. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 54 are denied.

55. Defendant admits that the history of Louisiana and the cited case speak for themselves. In all other respects, the allegations of paragraph 55 are denied.

56. Defendant admits that the history of Louisiana and the cited cases speak for themselves. In all other respects, the allegations of paragraph 56 are denied.

57. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 57 are denied.

58. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 58 are denied.

59. Defendant admits that the history of Louisiana and the cited case speak for themselves. In all other respects, the allegations of paragraph 59 are denied.

60. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 60 are denied.

61. Defendant admits that the history of Louisiana and the cited case speak for themselves. In all other respects, the allegations of paragraph 61 are denied.

62. Defendant admits that the history of Voting Rights Act and the cited case speak for themselves. In all other respects, the allegations of paragraph 62 are denied.

63. Defendant admits that the history of Louisiana and the history of DOJ actions speak for themselves. In all other respects, the allegations of paragraph 63 are denied.

64. Defendant admits that the history of Louisiana and the history of DOJ actions speak for themselves. In all other respects, the allegations of paragraph 64 are denied.

65. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 65 are denied.

66. Defendant admits that the history of Louisiana and the cited case speak for themselves. In all other respects, the allegations of paragraph 66 are denied.

67. Defendant admits that the history of Louisiana and the history of DOJ actions speak for themselves. In all other respects, the allegations of paragraph 67 are denied.

68. Defendant admits that the history of Louisiana and the history of DOJ actions speak for themselves. In all other respects, the allegations of paragraph 68 are denied.

69. Defendant admits that the history of Louisiana, the history of DOJ actions, and the uncited case speak for themselves. In all other respects, the allegations of paragraph 69 are denied.

70. Defendant admits that the history of Louisiana and the history of DOJ actions speak for themselves. In all other respects, the allegations of paragraph 70 are denied.

71. Defendant admits that the history of Louisiana and the cited case for themselves. In all other respects, the allegations of paragraph 71 are denied.

72. Defendant admits that the history of Louisiana and the history of DOJ actions speak for themselves. In all other respects, the allegations of paragraph 72 are denied.

73. Defendant admits that the history of Louisiana and the cited case speak for themselves. In all other respects, the allegations of paragraph 73 are denied.

74. Defendant admits that the history of Louisiana and the history of DOJ actions speak for themselves. In all other respects, the allegations of paragraph 74 are denied.

75. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 75 are denied.

76. Defendant admits that the actions taken by the DOJ in the 2016 election speak for themselves. In all other respects, the allegations of paragraph 76 are denied.

77. Defendant admits that the 1974 constitutional provision, legislative actions, and the subsequent uncited cases referenced in paragraph 77 speak for themselves. In all other respects, the allegations of paragraph 77 are denied.

**"VII. Ongoing Effects of Louisiana's History of Discrimination"**

78. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 78 are denied.

79. Defendant admits that the cited case and census bureau community survey speak for themselves. In all other respects, the allegations of paragraph 79 are denied.

80. Defendant admits that the cited ACS 1-Year estimates speak for themselves. In all other respects, the allegations of paragraph 80 are denied.

81. Defendant admits that the cited statistics speak for themselves. In all other respects, the allegations of paragraph 81 are denied.

82. Defendant admits that the cited statistics speak for themselves. In all other respects, the allegations of paragraph 82 are denied.

**"VIII. Racial Appeals in Louisiana Politics"**

83. Defendant admits that the history of Louisiana speaks for itself. In all other respects, the allegations of paragraph 83 are denied.

84. Defendant admits that Mr. Duke's election history speaks for itself. In all other respects, the allegations of paragraph 84 are denied.

85. Defendant admits that Mr. Duke's statements and election history speaks for themselves. In all other respects, the allegations of paragraph 85 are denied.

86. Defendant admits that Mr. Duke's statements and election history speaks for themselves. In all other respects, the allegations of paragraph 86 are denied.

87. Defendant admits that the statements and election results speak for themselves. In all other respects, the allegations of paragraph 87 are denied.

88. Defendant is without knowledge or information sufficient form a belief about the truth of the allegations of paragraph 88.

**"IX. Black Officeholders in Louisiana"**

89. Defendant admits that Louisiana's election results and the identities of Louisiana's office holders speak for themselves. In all other respects, Defendant denies the allegations of paragraph 89.

90. Defendant admits that Louisiana's election results and the identities of Louisiana's office holders speak for themselves. In all other respects, Defendant denies the allegations of paragraph 90.

91. Defendant admits that the cited case speaks for itself. In all other respects, Defendant denies the allegations of paragraph 91.

92. Defendant admits that Louisiana's election results and the identities of Louisiana's office holders speak for themselves. In all other respects, Defendant denies the allegations of paragraph 92.

## "CLAIM FOR RELIEF"

### "COUNT I"
"Violation of Section 2 of the Voting Rights Act
52 U.S.C. § 10301"

93. Defendant adopts and incorporates the foregoing responses as if fully set forth herein.

94. Defendant admits that Section 2 speaks for itself. In all other respects, the allegations of Paragraph 94 are denied.

95. The allegations of paragraph 95 are denied.

96. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 96.

97. Defendant admits that Section 2 speaks for itself. In all other respects, the allegations of Paragraph 97 are denied.

98. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 98.

99. Defendant denies the allegations of paragraph 99.

100. Defendant denies the allegations of paragraph 100.

## "PRAYER FOR RELIEF"

Defendant denies that Plaintiffs are entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. The illustrative maps proposed by Plaintiffs are inconsistent with traditional districting criteria and fail to properly defer to the Louisiana Legislature's primary role in the redistricting process.

3. The relief sought by plaintiffs would involve an unconstitutional racial gerrymander because they request a map in which racial considerations predominate over traditional districting criteria.

4. It would be inequitable to afford Plaintiffs relief so soon before the 2022 elections.

5. Plaintiffs seek inappropriate relief, including relief that is not within the Secretary of State's authority to accomplish.

6. Plaintiffs have failed to join all necessary parties.

7. Section 2, properly construed, does not support a claim for vote dilution based on a challenge to a districting plan.

8. To the extent that Section 2 requires Louisiana to draw districts with predominate considerations of race, Section 2 is unconstitutional.

9. Louisiana neither "cracked" nor "packed" minority voters in its Congressional districting plan.

10. Plaintiffs fail to satisfy the three *Gingles* criteria.

11. Race did not predominate in the drawing of any district.

Respectfully submitted this the 25th day of April, 2022.

By: /s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

*Counsel for Defendant R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana*
*\*Pro Hac Vice Motions Granted*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 25th of April, 2022 the foregoing document was filed via the Court's CM/ECF system which sent notice of the same to all counsel of record in this matter.

/s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

*Counsel for Defendant R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana*
*\*Pro Hac Vice Motions Granted*

4893-4356-2781