IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON et al., <br><br> Plaintiffs, <br><br> v. <br><br> KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, <br><br> Defendant. | Case No. 3:22-cv-00211-SDD-SDJ c/w |
| EDWARD GALMON, SR. et al., <br><br> Plaintiffs, <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Louisiana Secretary of State, <br><br> Defendant. | Case No. 3:22-cv-00214-SDD-SDJ |

**PLAINTIFFS' JOINT OPPOSITION TO STATE INTERVENOR'S MOTION
FOR EXTENSION OF TIME OF DEADLINES FOR REMEDIAL PHASE**

Plaintiffs, by and through undersigned counsel, submit this opposition to the State Intervenor's Motion for Extension of Time of Deadlines for Remedial Phase. *See* Case No. 22-cv-214, Rec. Doc. No. 32.[1] This latest iteration of Defendants' perpetual efforts at delay, *see, e.g.*, Rec. Doc. Nos. 129, 131, 177, 188, 200, 201, 202, should be denied.

*First*, there is no basis for a "continuance" pending the U.S. Supreme Court's review of the State Intervenor's emergency application. Mem. in Support of Mot. for Extension ("Mem.") 2,

---

[1] The State Intervenor filed its motion only on the *Galmon* docket, Case No. 22-cv-214—which did not provide notice to counsel for the *Robinson* Plaintiffs—and not in the consolidated action, Case No. 22-cv-211. Unless otherwise indicated, all docket citations in this opposition are to the consolidated action.

Case No. 22-cv-214, Rec. Doc. 32-1. In effect, this is nothing more than a request for a stay pending appeal. But this Court already denied exactly such a request from the State Intervenor twelve days ago. *See* Rec. Doc. No. 182. The Fifth Circuit *also* denied the State Intervenor's request for a stay pending appeal. *See* Rec. Doc. No. 185. And the Supreme Court conspicuously did not enter the requested administrative stay when it issued the briefing schedule on the State Intervenor's emergency application for stay. *See* Sup. Ct. Case No. 21A814, June 17, 2022, Request (Alito, J., in chambers). This case is proceeding, as it must, because, as this Court has held, Plaintiffs are entitled to lawful congressional districts in advance of the November primary. The State Intervenor's speculation about how other courts will resolve its appeals does not entitle it to slam the brakes on *this Court's* important work.

*Second*, a continuance is not required to complete discovery. Again, this issue has already been litigated, and a last-minute "motion for extension" is not the appropriate vehicle to seek reconsideration. Last week, the State Intervenor proposed a remedial schedule that generically requested "a reasonable opportunity to conduct discovery of the proposed map" and an evidentiary hearing. Rec. Doc. No. 200 at 5. This Court granted that request the next day, ordering the parties to make disclosures required by Federal Rule of Civil Procedure 26(a), permitting limited discovery of "mapmakers and any experts" until the date of the hearing, and scheduling an evidentiary hearing. Rec. Doc. No. 206 at 1–2. Yesterday, the State Intervenor served nine interrogatories and six requests for production, and Plaintiffs have now offered dates for expert witness depositions consistent with the Court's current order. Despite its protestations, the State Intervenor does not actually identify any problems with this schedule or with Plaintiffs' adherence to it. The State Intervenor blasts the Court for "[b]lanket denials of discovery requests," Mem. 3 (cleaned up), when discovery has been *granted*. It demands permission to conduct "interrogatories,

requests for production, [and] depositions of Plaintiffs' mapdrawers[] and expert witnesses," *id.* at 4, when *each* of these is currently in process. It demands "access to the software and shapefiles used by [Plaintiffs'] mapdrawer," *id.*, which it will receive *tomorrow* with Plaintiffs' scheduled submissions.[2] The State Intervenor does not—and cannot—identify a single piece of discovery that it has been denied or for which there is insufficient time. As with any preliminary injunction proceeding, discovery is not unlimited. But abstract, unstated displeasure with this Court's scheduling order does not warrant an extension of deadlines.

*Third*, the State Intervenor's apparent confusion is not cause for a continuance. It appears that the State Intervenor would like to submit a rebuttal report with its response and opposition materials on June 27. *See* Mem. 5. Plaintiffs have no objection, and the Court's order does not preclude them. But an extension of deadlines is not necessary to resolve any purported ambiguity—the State Intervenor should have simply requested clarification. The State Intervenor also complains that it does not understand the Court's order on "discovery or how the State Defendants can oppose the Plaintiffs' proposed remedy." *Id.* But the Court's order is clear on all accounts. On June 22, Plaintiffs will file a proposed remedial map and disclose their map-drawer and any other experts. *See* Rec. Doc. 206 at 1. Defendants may, if they wish, do the same. The parties may file oppositions to those proposals by June 27. *See id.* at 1–2. And the State Intervenor may conduct discovery up to the date of the hearing on June 29. *Id.* at 2. This schedule is clear and

---

[2] Plaintiffs will submit a single proposed remedial map, in accordance with the Court's order, that will differ only modestly from the illustrative maps that were disclosed months ago. Undermining the present complaints about insufficient discovery, the State Intervenor had the opportunity to depose Plaintiffs' mapdrawers and other experts at the liability phase—and chose not to. It also enjoyed the opportunity to examine Plaintiffs' experts at length over the course of the five-day hearing. There is no reason to believe that substantially more discovery or analysis will be needed than what Defendants have already had the opportunity to conduct.

sensible, and the State Intervenor cannot identify any deficiency in Plaintiffs' good-faith participation in the discovery process.

*Fourth*, the State Intervenor complains that this Court is moving too expeditiously in its effort to ensure the timely adoption of a remedial congressional plan that does not result in voter confusion. *See id*. at 5–7. By now, Defendants' strategy is entirely transparent: Remedy Plaintiffs' injury too slowly, and they cry *Purcell*, *see, e.g.*, Leg. Mot. for Stay Pending Appeal 1, Fifth Cir. Case No. 22-30333 (complaining that "[t]he district court conducted a hearing and then took no action for 24 days"); remedy the injury too quickly, and they cry due process. Notably, the State Intervenor appears to be using "due process" in the rhetorical, rather than legal, sense—they offer no citation for the novel principle that permissive intervenors have a constitutional right to the litigation schedule of their choice or to unlimited discovery on a preliminary injunction.

As the record reflects, this Court has pursued a measured approach, neither too fast nor too slow. At this preliminary-injunction phase, proceedings are necessarily expedited. Still, Plaintiffs have marshalled unrebutted evidence that the enacted map will dilute Plaintiffs' votes in violation of their federal voting rights, and that this violation, if allowed to continue through Election Day, will be irremediable. *See generally* Rec. Doc. No. 173. This Court has ruled in Plaintiffs' favor, and has adopted an appropriate remedial schedule, informed by briefing, that provides for a complete adversarial process to identify a lawful map for Louisiana's 2022 congressional elections, *including an opportunity for discovery*. The parties—represented by over 50 lawyers between them—are fully capable of adhering to that schedule. The State Intervenor's motion should be denied.

Dated: June 21, 2022

By: *Darrel J. Papillion*
Darrel J. Papillion (Bar Roll No. 23243)
Renee C. Crasto (Bar Roll No. 31657)
Jennifer Wise Moroux (Bar Roll No. 31368)
**WALTERS, PAPILLION,**
**THOMAS, CULLENS, LLC**
12345 Perkins Road, Building One
Baton Rouge, Louisiana 70810
Phone: (225) 236-3636
Fax: (225) 236-3650
Email: papillion@lawbr.net
Email: crasto@lawbr.net
Email: jmoroux@lawbr.net

Respectfully submitted,

Abha Khanna*
Jonathan P. Hawley*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Phone: (206) 656-0177
Facsimile: (206) 656-0180
Email: akhanna@elias.law
Email: jhawley@elias.law

Lalitha D. Madduri*
Olivia N. Sedwick*
Jacob D. Shelly*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4490
Facsimile: (202) 968-4498
Email: lmadduri@elias.law
Email: osedwick@elias.law
Email: jshelly@elias.law

*Counsel for Galmon Plaintiffs*

*Admitted *pro hac vice*

/s/ *John Adcock*
John Adcock
Adcock Law LLC
L.A. Bar No. 30372
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
Fax: (504) 308-1266
jnadcock@gmail.com

Leah Aden (admitted *pro hac vice*)
Stuart Naifeh (admitted *pro hac vice*)
Kathryn Sadasivan (admitted *pro hac vice*)
Victoria Wenger (admitted *pro hac vice*)
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
laden@naacplef.org
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans (admitted *pro hac vice*)
Sara Rohani (admitted *pro hac vice*)†
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Nora Ahmed (admitted *pro hac vice*)
Stephanie Willis
LA. Bar No. 31834
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org
swillis@laaclu.org

Tracie Washington
LA. Bar No. 25925
Louisiana Justice Institute
Suite 132
3157 Gentilly Blvd
New Orleans LA, 70122
Tel: (504) 872-9134
tracie.washington.esq@gmail.com

Robert A. Atkins (admitted *pro hac vice*)
Yahonnes Cleary (admitted *pro hac vice*)
Jonathan H. Hurwitz (admitted *pro hac vice*)
Amitav Chakraborty (admitted *pro hac vice*)
Adam P. Savitt (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of The Americas, New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
ratkins@paulweiss.com
ycleary@paulweiss.com
jhurwitz@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com

T. Alora Thomas (admitted *pro hac vice*)
Sophia Lin Lakin (admitted *pro hac vice*)
Samantha Osaki (admitted *pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
athomas@aclu.org
slakin@aclu.org
sosaki@aclu.org

Sarah Brannon (admitted *pro hac vice*)
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org

† Admitted in California only. Practice limited to matters in United States federal courts.

*Counsel for Robinson Plaintiffs*

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to all counsel of record via operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 21st day of June, 2022.

        s/ *Darrel J. Papillion*
        Darrel J. Papillion